UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

VEHICLE DEVELOPMENT,
CORPORATION PTY, LLD, ET
AL.,

    Plaintiffs/Counter-
    Defendants,                        CIV. NO. 13-14090

v.                                        HON. TERRENCE G. BERG
                                          HON. MICHAEL J. HLUCHANIUK

LIVERNOIS VEHICLE
DEVELOPMENT, LLC AND
COMERICA BANK,

    Defendants/Counter-
    Plaintiff.
_____/

**OPINION AND ORDER DENYING PLAINTIFFS' MOTION
FOR POSSESSION PENDING FINAL JUDGMENT (DKT. 2)**

This is a claim and delivery action, in which Plaintiffs/Counter-Defendants Vehicle Development Corporation PTY LTD and Vehicle Development Corporation PTE LTD (collectively, "VDC")[1] seek possession of 81 Ford F550 XL trucks (the "Trucks") from Defendant Livernois Vehicle Development, LCC ("Livernois"). Defendant/Counter-Plaintiff Comerica Bank ("Comerica") intervened in this lawsuit (Dkt. 12), as a secured creditor of Livernois.

This matter is before the Court on VDC's motion for possession pending final judgment (Dkt. 2), pursuant to Fed. R. Civ. P. 64, MCR 3.105 and MCL § 600.2920. Livernois and Comerica responded to VDC's motion (Dkts. 21, 24), and the parties

---

[1] VDC brings this action as an assignee of Vantage Automotive Limited ("VAL"), a Republic of Singapore Corporation. VAL's role in this dispute is described in greater detail below.

filed numerous replies, sur-replies and supplemental briefs (Dkts. 26, 30, 33, 38, 39, 40, 41). The Court heard oral argument on VDC's motion on October 21, 2013. For the reasons set forth below, VDC's motion for possession pending final judgment is **DENIED**. It is **FURTHER ORDERED** that Livernois and Comerica are restrained and enjoined from damaging, destroying, concealing, or disposing of the Trucks and that Comerica and/or Livernois maintain insurance coverage over the Trucks. Finally, it is ordered that Livernois and/or Comerica furnish a penalty bond – payable to VDC – in the amount of $3,200,000 and that Comerica and Livernois shall agree to surrender the Trucks to the person adjudged entitled to possession and pay any money that may be recovered in this action.

## BACKGROUND

The underlying facts in this lawsuit are largely undisputed. VAL has a contract to supply right-hand drive Ford trucks to the Singapore military for use as cross-country ambulances. VDC has experience converting left-hand drive Ford trucks to right-hand drive trucks for the Australian market. VAL contracted with VDC to have the conversion of the Ford trucks performed in the United States. VDC in turn contracted with Livernois to perform the conversion in Michigan, pursuant to an Installment Agreement (Dkt. 1, Ex. 2). More specifically, under the Installation Agreement, Livernois agreed to convert a total of 186 left-hand drive F550s to right-hand drive. *Id.* Livernois remains in possession of 81 Trucks. In the Complaint, VDC alleged that the approximate value of the 81 Trucks in Livernois' possession is $1.6 million (Dkt. 1 ¶ 43).

VDC avers that Livernois performed its obligations under the Installation Agreement deficiently and that VDC therefore terminated that Agreement (Dkt. 1). Livernois is currently undergoing severe financial difficulties, and is winding down its business and liquidating its assets. Comerica is a lender to Livernois, and claims that Livernois is in default of various promissory notes; Comerica claims the unpaid principal and interest owed by Livernois to Comerica "exceeds $4.1 million" (Dkt. 21 at 3). Livernois granted Comerica an all-assets security interest as security for repayment of the debts of Livernois (Dkt. 21, Ex. C, Security Agreement). Comerica perfected its security interest by filing a UCC-1 financing statement (Dkt. 21, Ex. D pp 4-7, UCC Search Results). Neither VDC nor VAL filed a UCC-1 financing statement with respect to the Trucks.

Currently, the Trucks are held by Livernois, stored indoors at three Livernois facilities in Inkster, Michigan (Dkt. 21, Ex. E, Decl. of N. Wallis ¶ 21-22). Livernois and Comerica maintain that the facilities where the Trucks are being stored are closed structures that are locked and secured (*Id.* ¶¶ 26, 30). Pedestrian doors are locked, and larger doors and gates are both locked and secured with additional protective barriers. The Livernois facilities and their contents are insured (*Id.* ¶ 31). Furthermore, a third-party security company currently provides perimeter security at the Livernois facilities on a daily basis (*Id.* ¶ 32).

## ANALYSIS

As noted earlier, VDC brings the motion before the Court under Fed. R. Civ. P. 64, MCR 3.105 and MCL § 600.2920. Rule 64 provides, in pertinent part, that

"throughout an action, every remedy is available that, under the law of the state where the court is located, provides for seizing a person or property to secure satisfaction of the potential judgment." Thus, the Court will apply the standards and procedures set forth in MCR 3.105, which provides, in pertinent part:

> **(C) Complaint; Joinder of Claims; Interim Payments.** A claim and delivery complaint must:
>
> (1) specifically describe the property claimed;
>
> (2) state the value of the property claimed (which will be used only to set the amount of bond and not as an admission of value);
>
> \*\*\*
>
> **(E) Possession Pending Final Judgment.**
>
> (1) *Motion for Possession Pending Final Judgment.* After the complaint is filed, the plaintiff may file a verified motion requesting possession pending final judgment. The motion must
>
> (a) describe the property to be seized, and
>
> (b) state sufficient facts to show that the property described will be damaged, destroyed, concealed, disposed of, or used so as to substantially impair its value, before final judgment unless the property is taken into custody by court order.
>
> \*\*\*
>
> (b) At the hearing, each party may present proofs. To obtain possession before judgment, the plaintiff must establish
>
>> (i) that the plaintiff's right to possession is probably valid; and
>>
>> (ii) that the property will be damaged, destroyed, concealed, disposed of, or used so as to substantially impair its value, before trial.
>
> \*\*\*

(4) *Order for Custody Pending Final Judgment.* After proofs have been taken on the plaintiff's motion for possession pending final judgment, the court may order whatever relief the evidence requires. This includes:

(a) denying the motion;

(b) leaving the defendant in possession of the property and restraining the defendant from damaging, destroying, concealing, or disposing of the property. The court may condition the defendant's continued possession by requiring the defendant to

 (i) furnish a penalty bond, payable to the plaintiff, of not less than $100 and at least twice the value of the property stated in the complaint; and

 (ii) agree that he or she will surrender the property to the person adjudged entitled to possession and will pay any money that may be recovered against him or her in the action;

(c) ordering the sheriff or court officer to seize the property within 21 days and either hold it or deliver it to the plaintiff. The court may condition the plaintiff's possession by requiring the plaintiff to

 (i) furnish a penalty bond payable to the defendant, and to the sheriff or court officer, of not less than $100 and at least twice the value of the property stated in the complaint; and

 (ii) agree that he or she will surrender the property to the person adjudged entitled to possession, diligently prosecute the suit to final judgment, and pay any money that may be recovered against him or her in the action.

A bond required in a claim and delivery action must be approved by and filed with the court within the time the order provides.

The parties have raised numerous arguments in their briefs and during oral argument concerning whether VDC has met its burden under the first element pf MCR 3.105(E)(3)(b), proving that VDC's right to possession is "probably valid." All parties have conceded that the question is a close one. Because VDC must meet both elements under MCR 3.105(E)(3)(b), and it is quite clear that VDC has not established the second element, that the Trucks will be "damaged, destroyed,

5

concealed or disposed of, or used so as to substantially impair [their] value," it not necessary for the Court to make a finding on the more difficult question of which party has the right to possess the Trucks at this preliminary stage. MCR 3.105(E)(3)(b)(ii) requires a showing that the property *will* be damaged, destroyed, concealed, disposed of, or used so as to substantially impair its value. VDC has expressed concerns that the property *may* be damaged, destroyed, concealed, or disposed of, but there is insufficient evidence in the record of imminent danger to the Trucks.

VDC argues in its motion that "[i]f Livernois were allowed to possess the [Trucks] … for an extended period of time pending trial, the [Trucks] … would depreciate and would likely be otherwise damaged in Livernois' possession" (Dkt. 21 at 6). Defendants have adduced evidence that there is a current market for the Trucks that could recover "well in excess" of their claimed value of $1.6 million dollars (Dkt. 39, Ex. B). Although VDC contends that it will suffer consequential damages relating to its inability to perform its contract with VAL, VDC has not shown that the Trucks *will* be damaged, destroyed, concealed, disposed of, or used by Defendants in a way that will substantially impair their value. Mere depreciation in value is not sufficient under the language of MCR 3.105(E)(3)(b)(ii).[2] In a post-hearing brief (Dkt. 38), VDC avers that three Chrysler vehicles (not involved in this litigation) were recently stolen from Livernois' premises and that

---

[2] At least one commentator agrees, observing that "[t]ransfer of possession is not ordinarily granted upon a mere showing that over time, the property will depreciate." Daniel M. Morley, *The Claim and Delivery Action: Recovering the Secured Creditor's Collateral*, Mich. B.J., JULY 1999, at 674, 676. The Court believes that this conclusion is sound.

6

the Trucks might be at similar risk.  However, this concern is entirely speculative and, in any event, the Trucks are insured against theft, and the Court will require Livernois and/or Comerica to maintain such insurance coverage.  VDC has not met its burden under MCR 3.105 to justify an emergency transfer of possession of the Trucks.

Under MCR 3.105(E)(4)(b)(i), the Court may require Defendants (Comerica and/or Livernois) to post a bond to retain possession of the Trucks.  The Court finds that a bond is appropriate here, given the continuing damages that VDC is claiming to suffer.  MCR 3.105(E)(4)(b)(i) states that the amount of a bond must be "not less than $100 and at least twice the value of the property stated in the complaint."  The Complaint in this case states that the value of the Trucks is $1.6 million (Dkt. 1 ¶ 43).  A penalty bond is therefore required of at least twice that amount:  $3.2 million.  Furthermore, Defendants shall be enjoined and restrained from damaging, destroying, concealing, or disposing of the Trucks.  As part of this injunction, Defendants are ordered to maintain insurance coverage over the Trucks, and must file proof of such insurance with the Court within ten (10) days of date of this Order.  MCR 3.105(E)(4)(b)(ii) provides that the "court may condition the defendant's continued possession by requiring the defendant . . . to agree that he or she will surrender the property to the person adjudged entitled to possession and will pay any money that may be recovered against him or her in the action."  Defendants' continued possession of the property is therefore further conditioned on their filing a written stipulation with the Court, within ten (10) days of the date of this Order,

7

expressing their agreement to surrender the Trucks to the person adjudged entitled to possession and to pay any money that may be recovered against them in the action.

During a settlement conference held with the Court on November 20, 2013, all parties expressed a desire for a prompt trial on the merits, as provided for in MCR 3.105(H). Therefore, the Court hereby schedules this matter for a bench trial in **Flint, Michigan on December 17, 2013, starting at 9:30 a.m.** The parties are directed to submit a joint final-pretrial order, which strictly complies with the requirements of E.D. Mich. LR 16.2, on or before **December 11, 2013**. In the "issues of law to be litigated" section, the parties are directed to focus particular attention on Livernois' "rights in the collateral," as discussed in *Litwiller Mach. & Mfg., Inc. v. NBD Alpena Bank*, 184 Mich. App. 369 (1990) and *State Bank of Young America v. Vidmar Iron Works, Inc.*, 292 N.W.2d 244 (Minn. 1980).[3] The Court will hold a final pre-trial conference – via telephone – on **December 13, 2013 at 10:00 a.m.**

## CONCLUSION

For the reasons set forth above, VDC's motion for possession pending final judgment (Dkt. 2) is **DENIED**. It is **FURTHER ORDERED** that:

---

[3] Specifically, the parties are directed to elaborate on *Litwiller's* observation that the debtor "had contract rights to the goods to the extent of the amount due for its work and could impose a lien on the goods to enforce that right" and on *Vidmar's* observation that "the secured party only gets rights in the goods to the extent of the debtor's rights in them. [The debtor's] rights in the goods were based on the payments due under the contracts…. In this case, the [secured party] properly seeks only to recoup those payments and is not claiming the value of the raw materials…"

8

(1) Livernois and Comerica are restrained and enjoined from damaging, destroying, concealing, or disposing of the Trucks, or using them in any manner that will substantially impair their value;

(2) Livernois and/or Comerica shall continue to maintain insurance coverage over the Trucks, and must file proof of such insurance with the Court within ten (10) days of date of this Order;

(3) Livernois and/or Comerica shall furnish a penalty bond – payable to VDC – in the amount of $3,200,000, proof of which shall be filed with the Court within ten (10) days of date of this Order; and

(4) Livernois and Comerica shall file a written stipulation with the Court within ten (10) days of the date of this Order expressing their agreement to surrender the Trucks to the person adjudged entitled to possession and to pay any money that may be recovered against them in this action.

**SO ORDERED.**

s/Terrence G. Berg
TERRENCE G. BERG
UNITED STATES DISTRICT JUDGE

Dated:  November 27, 2013

### Certificate of Service

I hereby certify that this Order was electronically submitted on November 27, 2013, using the CM/ECF system, which will send notification to each party.

By:  s/A. Chubb
Case Manager