UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

VEHICLE DEVELOPMENT,
CORPORATION PTY, LLD, ET
AL.,

    Plaintiffs/Counter-
    Defendants,                       CIV. NO. 13-14090

v.                                     HON. TERRENCE G. BERG
                                     HON. MICHAEL J. HLUCHANIUK

LIVERNOIS VEHICLE
DEVELOPMENT, LLC AND
COMERICA BANK,

    Defendants/Counter-
    Plaintiff.
_____/

**ORDER DENYING COMERICA AND LIVERNOIS'S MOTIONS
FOR CLARIFICATION OR RECONSIDERATION (DKT. 50, 54)
AND VDC'S MOTION FOR DEFAULT JUDGMENT (DKT. 53)**

        Defendant/Counter-Plaintiff Comerica Bank's ("Comerica") and Defendant Livernois Vehicle Development, LLC ("Livernois") have moved for clarification or reconsideration (Dkts. 50, 54) of the Court's November 27, 2013 opinion and order (Dkt. 46) denying Plaintiff's motion for possession pending final judgment. Plaintiff/Counter-Defendants Vehicle Development Corporation, et al. (collectively "VDC") respond with a motion for default judgment (Dkt. 53). All three motions will be **DENIED**.

## ANALYSIS

Comerica brings its motion for clarification under Fed. R. Civ. P. 60, and also asks for "reconsideration," presumably under E.D. Mich. LR 7.1(h).  The Court's November 27, 2013 does not contain any clerical errors, oversights or omissions, thus Rule 60(a) is inapplicable.  Motions for relief from judgment under Rule 60(b) are "opportunit[ies] for the court to correct manifest errors of law or fact and to review newly discovered evidence or to review a prior decision when there has been a change in the law."  *United States v. Davis*, 939 F.Supp. 810, 812 (D. Kan. 1996).  Rule 60(b) motions are "addressed to the sound discretion of the district court." *FHC Equities, LLC v. MBL Life Assurance Corp.*, 188 F.3d 678, 683 (6th Cir. 1999).  Such motions seek extraordinary judicial relief and can be granted only upon a showing of exceptional circumstances.  *See McAlpin v. Lexington 76 Auto Truck Stop, Inc.*, 229 F.3d 491, 502-03 (6th Cir. 2000).  Having carefully considered the grounds advanced by Comerica, it is clear that no showing of exceptional circumstances has been made.

Under E.D. Mich. LR 7.1(h), "[t]he movant must not only demonstrate a palpable defect by which the court and the parties ... have been misled but also show that correcting the defect will result in a different disposition of the case."  *Id*. A defect is palpable when it is "obvious, clear, unmistakable, manifest, or plain." *Chrysler Realty Co., LLC v. Design Forum Architects, Inc.*, 544 F.Supp.2d 609, 618 (E.D. Mich. 2008).  The Court's Order of November 27, 2013 contains no "manifest error of law or fact" and no "palpable defect" has been identified by which the Court

has been misled. The portion of the Court's November 27, 2013 order that Comerica seeks to have "clarified" or "reconsidered" precisely tracks the language of MCR 3.105(E)(4)(b)(ii), which permits the Court to require a "defendant" to " agree that he or she will surrender the property to the person adjudged entitled to possession and will pay any money that may be recovered against him or her in the action." *Id*. Comerica's concerns regarding the potential for misinterpretation of the scope of the Court's Order are premature: the November 27, 2013 order denied VDC's motion for possession pending final judgment pursuant to the terms of the MCR 3.105. MCR 3.105(E)(4) gives the Court broad discretion to "order whatever relief the evidence requires." This matter is set for trial and the rights of the parties will be determined by the Court when a final judgment is entered. The proper scope of damages, if any, will be determined during next week's trial.

     VDC's motion for default is not well taken. The Court does not believe that default is a proper sanction for either an alleged failure to comply with Local Rule 7.1 or for allegedly failing to comply with the Court's Order of November 27, 2013. The Court has not ruled that Comerica has committed either of these failures.

     Rather than seeking to resolve this matter through any type of settlement, the parties have chosen to have their rights determined through the litigation process. The issue of possession pending final judgment is resolved. The Court will entertain no further motions or briefing concerning that issue, and the parties may not file any other pleadings concerning that issue without prior leave of Court.

3

## CONCLUSION

For the reasons set forth above, **IT IS HEREBY ORDERED** that:

(1) Comerica and Livernois's motions for clarification or reconsideration (Dkt. 50, 54) are **DENIED**;

(2) VDC's motion for default judgment (Dkt. 53) is **DENIED**.

**SO ORDERED.**

                                                  s/Terrence G. Berg
                                                  TERRENCE G. BERG
                                                  UNITED STATES DISTRICT JUDGE

Dated: December 11, 2013

## Certificate of Service

I hereby certify that this Order was electronically submitted on December 11, 2013, using the CM/ECF system, which will send notification to each party.

                                                  By: s/A. Chubb
                                                  Case Manager